**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TAMI L. LAWSON, | ) NO. ED CV 05-213-E |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION** |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendant. | ) |

_____

**PROCEEDINGS**

Plaintiff filed a Complaint on March 14, 2005, seeking review of the Commissioner's denial of benefits.  The parties filed a consent to proceed before a United States Magistrate Judge on April 7, 2005.

Plaintiff filed a motion for summary judgment on August 17, 2005.  Defendant filed a cross-motion for summary judgment on September 15, 2005.  The Court has taken both motions under submission without oral argument.  See L.R. 7-15; "Order," filed March 17, 2005.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserted disability based primarily on alleged obesity, depression, carpal tunnel syndrome, and back and hip pain (Administrative Record ("A.R.") 105-06). An Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff and a vocational expert (A.R. 35-70, 162-488).

The ALJ found Plaintiff suffers from morbid obesity, bilateral carpal tunnel syndrome, mild cardiomegaly, restrictive lung disease, radiculopathy, sensory motor neuropathy, and mood disorder (A.R. 23). The ALJ also found, however, that Plaintiff retains the residual functional capacity to perform a significant range of sedentary work (A.R. 24). The ALJ found not credible Plaintiff's testimony regarding "excess" pain and limitations. Id. The Appeals Council denied review (A.R. 7-9).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards. See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted).

///

1       This Court "may not affirm [the Administration's] decision

2 simply by isolating a specific quantum of supporting evidence, but

3 must also consider evidence that detracts from [the Administration's]

4 conclusion." <u>Ray v. Bowen</u>, 813 F.2d 914, 915 (9th Cir. 1987)

5 (citation and quotations omitted).  However, the Court cannot disturb

6 findings supported by substantial evidence, even though there may

7 exist other evidence supporting Plaintiff's claim.  <u>See</u> <u>Torske v.</u>

8 <u>Richardson</u>, 484 F.2d 59, 60 (9th Cir. 1973), <u>cert. denied</u>, 417 U.S.

9 933 (1974); <u>Harvey v. Richardson</u>, 451 F.2d 589, 590 (9th Cir. 1971).

10

11                     **DISCUSSION**

12

13       After consideration of the record as a whole, Defendant's

14 motion is granted and Plaintiff's motion is denied.  The

15 Administration's findings are supported by substantial evidence and

16 are free from material[1] legal error.

17

18 **I.**       **The ALJ Properly Weighed the Medical Evidence Regarding**

19           **Plaintiff's Impairments.**

20

21       Plaintiff argues that the ALJ inappropriately minimized

22 Plaintiff's carpal tunnel syndrome.  Plaintiff's assertion that she

23 suffers from a "significant degree" of carpal tunnel syndrome,

24 however, is unsupported by the medical record.  Although Plaintiff

25

26       [1]     The harmless error rule applies to the review of

27 administrative decisions regarding disability.  <u>See</u> <u>Curry v.</u>
<u>Sullivan</u>, 925 F.2d 1127, 1129 (9th Cir. 1991); <u>see also</u> <u>Batson v.</u>

28 <u>Commissioner</u>, 359 F.3d 1190, 1196 (9th Cir. 2004); <u>Tonapetyan v.</u>
<u>Halter</u>, 242 F.3d 1144, 1148 (9th Cir. 2001).

1   points to two EMG/nerve conduction studies as evidence of her

2   impairment, these two studies merely concluded that Plaintiff's

3   condition is consistent with carpal tunnel syndrome at the wrists

4   (A.R. 427-29, 431-34).  The studies provide no information regarding

5   the severity of Plaintiff's impairment or how the impairment affects

6   Plaintiff's ability to work.  Id.  In addition, none of Plaintiff's

7   treating physicians provided any opinion regarding the severity of

8   Plaintiff's carpal tunnel syndrome.  By contrast, the ALJ noted that

9   an examining physician, Dr. Warren David Yu, found Plaintiff had good

10  bilateral grip strength, normal range of motion in her upper

11  extremities, and no neurological deficits (A.R. 21).  The ALJ also

12  noted that Plaintiff's medical record shows no evidence of any

13  physical therapy or surgery for her carpal tunnel syndrome.  Id.

14  Based on this evidence, the ALJ rationally inferred that Plaintiff

15  suffers from only a mild form of carpal tunnel syndrome.  Id.; see

16  Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995) (where the

17  evidence "admits of more than one rational interpretation," the Court

18  must uphold the Administrative decision).

19

20      Plaintiff also argues the ALJ failed to consider Plaintiff's

21  obesity and its alleged effect on Plaintiff's ability to perform the

22  jobs that the vocational expert testified Plaintiff could perform.

23  Plaintiff's argument lacks merit.  In the decision, the ALJ discussed

24  the findings of the examining physicians regarding Plaintiff's weight

25  problem (A.R. 20-21), and acknowledged that Plaintiff suffers from

26  morbid obesity (A.R. 23).  However, the ALJ ultimately agreed with

27  Dr. Yu's conclusion that, despite Plaintiff's weight problem, she

28  still can perform sedentary work (A.R. 21, 484).  Thus, the record

4

1    indicates that the ALJ properly considered Plaintiff's obesity in

2    assessing Plaintiff's ability to work.  See Burch v. Barnhart, 400

3    F.3d 676, 684 (9th Cir. 2005) (ALJ adequately considered claimant's

4    obesity, where the ALJ's decision discussed medical evidence that the

5    claimant was somewhat obese and that her obesity likely contributed

6    to her back discomfort).

7

8        Plaintiff also argues that the ALJ disregarded evidence of

9    Plaintiff's mental impairments.  This argument fails for want of

10   materiality.  Plaintiff relies on a one-page medical release form

11   signed by Plaintiff's treating psychiatrist, Dr. Swati Thacker,

12   stating that Plaintiff is unable to work as of October 21, 2002 (A.R.

13   474).  As Defendant correctly points out, the medical release form

14   also states that Plaintiff's condition is acute and only expected to

15   last until April 30, 2003.  Id.  Thus, the form fails to show that

16   Plaintiff's mental impairments would prevent her from working for the

17   minimum twelve months necessary to establish a disability.  See

18   Barnhart v. Walton, 535 U.S. 212, 218-25 (2002); Krumpelman v.

19   Heckler, 767 F.2d 586, 589 (9th Cir. 1985), cert. denied, 475 U.S.

20   1025 (1986).  Thus, the alleged error in failing to discuss this form

21   was harmless.

22

23       The Court also finds no material error in the ALJ's rejection

24   of the low Global Assessment of Functioning ("GAF") scores diagnosed

25   by Plaintiff's treating psychiatrists (A.R. 18-19).  The ALJ properly

26   reasoned that the GAF scores were inconsistent with Plaintiff's

27   mental status examination and unreliable because the scores were

28   assessed at a time when Plaintiff admitted she was not taking her

medications (A.R. 18-19, 471-72).  To the extent the record contains
any conflicting evidence on the issue of Plaintiff's limitations, the
ALJ, and not this Court, is responsible for resolving those
conflicts.  Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001).
Again, where, as here, the evidence "admits of more than one rational
interpretation," the Court must uphold the administrative decision.
Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); accord
Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002); Sandgathe v.
Chater, 108 F.3d 978, 980 (9th Cir. 1997).

II.      **This Court Will Not Disturb the ALJ's Credibility
         Determination.**

         Plaintiff argues the ALJ erred in finding not credible
Plaintiff's testimony regarding excess pain and limitations.
Plaintiff has failed to demonstrate any material error.  An ALJ's
assessment of a claimant's credibility is entitled to "great weight."
Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v.
Heckler, 779 F.2d 528, 531 (9th Cir. 1985).  The discounting of a
claimant's testimony regarding subjective symptoms must be supported
by specific, cogent findings.  See Lester v. Chater, 81 F.3d 821, 834
(9th Cir. 1995); Varney v. Secretary of Health and Human Serv., 846
F.2d 581, 584 (9th Cir. 1988); see also Smolen v. Chater, 80 F.3d

1   1273, 1282-84 (9th Cir. 1996).[2]  The ALJ stated sufficient reasons for
2   finding Plaintiff's testimony not credible.

3

4       The ALJ correctly stated that the Plaintiff's subjective
5   complaints were out of proportion to the objective medical evidence
6   (A.R. 21).  Although a claimant's credibility "cannot be rejected on
7   the sole ground that it is not fully corroborated by objective
8   medical evidence, the medical evidence is still a relevant factor . .
9   ." Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001).  As the
10  discussion below demonstrates, the ALJ did not reject Plaintiff's
11  testimony on the "sole" ground of a lack of corroborative medical
12  evidence.

13

14      The ALJ emphasized the conservative nature of Plaintiff's
15  treatment (A.R. 21-22).  The ALJ noted that Plaintiff has never been
16  hospitalized or sought emergency room care, never requested or been
17  referred to any specialists for her alleged back and hip pain, never
18  had physical therapy or surgery for her physical complaints, and
19  received only medication for her subjective medical complaints (A.R.
20  21).  A conservative course of treatment may discredit a claimant's
21  allegations of disabling symptoms.  See Johnson v. Shalala, 60 F.3d
22  1428, 1434 (9th Cir. 1995) (conservative treatment can suggest a
23  lower level of both pain and functional limitation, justifying

24  _____
            [2]    In the absence of evidence of "malingering," some Ninth
25  Circuit cases have applied the seemingly more rigorous "clear and
    convincing" standard.  See Connett v. Barnhart, 340 F.3d 871, 873
26  (9th Cir. 2003); Ballard v. Apfel, 2000 WL 1899797 *2 n.1 (C.D.
    Cal. Dec. 19, 2000) (collecting cases).  In the present case, the
27  ALJ's findings pass muster under either the "specific, cogent"
    standard or the "clear and convincing" standard, so any distinction
28  between the two standards is academic.

adverse credibility determination); <u>Meanel v. Apfel</u>, 172 F.3d 1111, 1114 (9th Cir. 1999) (allegation of excess pain inconsistent with conservative treatment); <u>Bunnell v. Sullivan</u>, 947 F.2d 341, 346 (9th Cir. 1991) (failure to seek medical treatment can justify an adverse credibility determination); <u>Fair v. Bowen</u>, 885 F.2d 597, 603-604 (9th Cir. 1989) (same).

The ALJ also noted that Plaintiff failed to take her prescribed medication on a consistent basis and continued to smoke, despite being counseled on smoking cessation programs (A.R. 21, 424). A claimant's failure to comply with her prescribed treatment may support the rejection of the claimant's credibility. <u>Fair v. Bowen</u>, 885 F.2d 597, 604 (9th Cir. 1989); <u>Saephan v. Barnhart</u>, 2004 WL 329332, at *5 (N.D. Cal. Feb. 18, 2004) (claimant's failure to stop smoking as directed by his treating physician supported ALJ's adverse credibility determination).

The ALJ also emphasized Plaintiff's rather extensive daily activities (A.R. 22). The ALJ noted that Plaintiff reported in February 2003 that she is able to do household chores, run errands, shop, cook, clean, and drive (A.R. 22, 230-33). An ALJ properly may consider such activities in evaluating credibility. <u>See Burch v. Barnhart</u>, 400 F.3d 676, 680-812 (9th Cir. 2005) (daily activities including cooking, cleaning and shopping found to constitute "clear and convincing reasons" for discounting the claimant's testimony); <u>Rollins v. Massanari</u>, 261 F.3d 853, 857 (9th Cir. 2001) (extensive daily household activities found to constitute "clear and convincing reasons" for discounting the claimant's testimony); <u>Tidwell v. Apfel</u>,

1  161 F.3d 599, 601 (9th Cir. 1999) (household chores inconsistent with
2  allegations of severe impairment); <u>Orteza v. Shalala</u>, 50 F.3d 748,
3  750 (9th Cir. 1995) ("[a]n ALJ is clearly allowed to consider the
4  ability to perform household chores").  Although Plaintiff reported
5  more restricted daily activities in a June 2003 questionnaire, the
6  ALJ properly discounted the questionnaire because there was no
7  evidence of a proportional deterioration in Plaintiff's condition
8  from February to June 2003 (A.R. 22, 152-56).  <u>See Lewis v. Apfel</u>,
9  236 F.3d at 509 (ALJ is responsible for resolving conflicting
10 evidence regarding claimant's limitations).

11

12      Finally, the Court finds no merit in Plaintiff's argument that
13 the ALJ's decision is flawed because it fails to discuss specifically
14 each of the factors listed in Social Security Ruling ("SSR") 96-7p
15 for assessing a claimant's credibility.  The law does not require
16 that the ALJ set forth in the decision a separate analysis as to each
17 factor identified in SSR 96-7p.  <u>Powell v. Massanari</u>, 2001 WL
18 1563712, at *3 (N.D. Cal. Dec. 3, 2001).

19

20 **III.**  **<u>Substantial Evidence Supports the ALJ's Determination that</u>**
21      **<u>There Are a Significant Number of Other Jobs Plaintiff Can</u>**
22      **<u>Perform</u>**.

23

24      Plaintiff challenges the ALJ's conclusion that Plaintiff
25 can perform a significant number of jobs in the national economy.
26 When an individual can perform work "which exists in the national
27 economy," the individual is deemed not disabled.  42 U.S.C.
28 § 423(d)(2)(A).  "'[W]ork which exists in the national economy' means

1  work which exists in significant numbers either in the region where

2  such individual lives or in several regions of the country." Id.;

3  accord 20 C.F.R. § 404.1560(c); 20 C.F.R. § 416.961(c).  If work

4  exists in such numbers, it is legally irrelevant whether "such work

5  exists in the immediate area in which [the individual] lives, or

6  whether a specific job vacancy exists for him [or her], or whether he

7  [or she] would be hired if he [or she] applied for work."  42 U.S.C.

8  § 423(d)(2)(A).  The Ninth Circuit "has never clearly established the

9  minimum number of jobs necessary to constitute a 'significant

10  number.'"  Barker v. Secretary, 882 F.2d 1474, 1478 (9th Cir. 1989).

11  Whether there exists a significant number of jobs "in the national

12  economy," is a question of fact to be determined by the

13  administrative law judge.  See Martinez v. Heckler, 807 F.2d 771, 775

14  (9th Cir. 1986).

15

16       At the administrative hearing, the vocational expert

17  identified three occupations that could be performed by an individual

18  of Plaintiff's age, education, vocational background, and

19  limitations: production inspector, grader/sorter, and surveillance

20  system monitor (A.R. 23, 66-67).  The vocational expert further

21  testified that in Plaintiff's local region (defined as the San

22  Bernardino, Riverside, Los Angeles, and Orange Counties), the number

23  of jobs in these occupations was 850, 500, and 258, respectively

24  (A.R. 23, 67).  In reliance on this testimony, the ALJ found there

25  were a significant number of jobs in the national economy Plaintiff

26  could perform (A.R. 24).

27  ///

28       Plaintiff argues that the number of jobs the vocational expert

1  opined that Plaintiff could perform is not "significant," when viewed
2  in light of the large population within the region.  Plaintiff's
3  argument lacks merit.  The Ninth Circuit squarely has rejected the
4  ratio analysis advocated by Plaintiff.  See Barker v. Secretary, 882
5  F.2d 1474, 1479 (9th Cir. 1989); Martinez v. Heckler, 807 F.2d 771,
6  775 (9th Cir. 1986).  Based on the numbers provided by the vocational
7  expert, there are 1,608 jobs in the region that Plaintiff could
8  perform.  This is comparable to the number of regional jobs the Ninth
9  Circuit has found to be "significant."  See Meanel v. Apfel, 172 F.3d
10 1111, 1115 (9th Cir. 1999) (between 1,000 to 1,500 jobs in the local
11 area constituted a significant number); Barker, 882 F.2d at 1479
12 (1,266 jobs in the local Los Angeles/Orange County area constituted a
13 significant number).
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

1                          **CONCLUSION**

2

3          For all of the foregoing reasons,[3] Plaintiff's motion for

4    summary judgment is denied and Defendant's motion for summary

5    judgment is granted.

6

7          LET JUDGMENT BE ENTERED ACCORDINGLY.

8

9          DATED:  September 26, 2005.

10

11                         _____/S/_____

12                              CHARLES F. EICK
                           UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26
_____
27      [3]      The Court has considered all of Plaintiff's arguments and
     has found those arguments unpersuasive.  The Court has discussed
28   Plaintiff's principal arguments herein.